McArthur WASHINGTON, Appellant,

v.

UNITED STATES, Appellee.

Earl L. GRIER, Appellant,

v.

UNITED STATES, Appellee.

Nos. 82–710, 82–773.

District of Columbia Court of Appeals.

Argued May 16, 1983.

Decided May 24, 1983.*

Stephen J. Cribari, Arlington, Va., for appellant Washington.

William F.X. Becker, Rockville, Md., for appellant Grier.

J. Herbie DiFonzo, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, Judith Hetherton,

* The decision in this case was originally released as a Memorandum Opinion and Judgment on May 24, 1983. It is now being published by direction of the court.

and Christopher A. Myers, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and FERREN, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

After a joint trial, a jury convicted appellants of assault with intent to kill while armed, D.C.Code §§ 22–501, –3202 (1981), and mayhem and malicious disfigurement while armed, *id.,* §§ 22–506, –3202. Additionally, appellant Grier was convicted of two counts of obstruction of justice. *Id.,* § 22–703. The government introduced evidence of inculpatory statements of each appellant, some of which implicated the other. On appeal, appellants argue that the introduction of these admissions deprived them of their Sixth Amendment right to confront witnesses against them. Appellant Grier further asserts that the cumulative effect of his own and Washington's inculpatory statements was unduly prejudicial and thus violated his Fifth Amendment right to due process of law. Appellants also assign error to the trial court's failure to sever their trials. We affirm.

Ill feeling among appellants and William David Jones peaked on August 2, 1982, when the three of them and Charles Houston drove to Anacostia Park. As they alighted from the car, appellants and Houston grabbed Jones, beat him with their fists and a board, and then threw him into the Anacostia river. Jones suffered fractures to both arms, a fracture to his cervical spine, multiple lacerations, hypothermia, and other injuries, but was able to pull himself out of the water after his companions had left the scene.

Houston pled guilty and testified against appellants at their trial. Jones also testified about the attack. Several other civilian witnesses testified as to appellants' admissions to them.[1] Appellant Washington objects to the introduction of four statements made by Grier, admitting Grier's involvement and inculpating Washington. Similarly, appellant Grier complains of reported admissions by Washington that implicated Grier.[2]

■ Appellants assign error on the basis of *Bruton v. United States,* 391 U.S. 123, 127–28, 88 S.Ct. 1620, 1623–24, 20 L.Ed.2d 476 (1968). In *Bruton,* the Supreme Court held that the Confrontation Clause of the Sixth Amendment is violated when incriminating extrajudicial statements made by a codefendant who does not testify at trial are admitted against a defendant.[3] The constitutional right to confront witnesses is not violated, however, where the codefendant takes the stand and can be cross-examined about his alleged admission that implicates the defendant. *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). Subsequently, the Supreme Court addressed the propriety of permitting into evidence, at a joint trial, inculpatory statements by both defendants that also impli-

---

1. Grier's conviction on the obstruction of justice counts stems from threats he made to two witnesses that if anyone provided information to the authorities against him, "they are going down the river like [Jones]."

2. All the admissions were reported in court by friends and acquaintances of appellants who heard appellants make the statements. This is not a case involving confessions to law enforcement officers. The admissions inculpating the codefendants are typified by these excerpts:

   Grier told witness Elder, "I took him down to the river—me, him [Washington], and [Houston]—broke both [Jones'] legs and his arms and throwed him in the river."

   Washington told witness Margaret Jones, "He wished Mr. Grier and them had never gotten him [Washington] mixed up in this."

3. The admission may be used against the defendant who made it. " 'When a party makes a prior statement which is inconsistent with his position in the litigation, it may be introduced into evidence as an admission' .... Such admissions may be introduced for the truth of the matter asserted...." *Powell v. United States,* 414 A.2d 530, 533 (D.C.1980) (quoting *Johns v. Cotton,* 284 A.2d 50, 52 (D.C.1971)). The *Bruton* problem arises not in using the admission against the defendant who made it but in the possibility that the jury will hold the statement against the non-confessing defendant.

cate the other. A plurality of four Justices held that introduction of "interlocking confessions," when accompanied by appropriate limiting instructions, does not violate *Bruton, supra,* since the prejudicial impact of a codefendant's confession will not be more devastating than the defendant's own confession when properly introduced at trial. *Parker v. Randolph,* 442 U.S. 62, 72–73, 99 S.Ct. 2132, 2138–39, 60 L.Ed.2d 713 (1979).[4]

■ In the instant case, *Nelson v. O'Neil, supra,* is dispositive of Grier's appeal. Appellant Washington took the stand, denied his complicity in the event, and denied making the statements that implicated Grier. Since Washington—the out-of-court declarant—and the witnesses who testified as to Washington's incriminating utterances were available for cross-examination, Grier was provided with the opportunity to exercise his right to confront the witnesses against him.[5]

■ We similarly conclude that Washington's appeal must fail. Under the plurality opinion in *Parker v. Randolph,* appellants' admissions, implicating themselves and each other, were clearly interlocking confessions. The prejudicial effect of each appellant's own admissions certainly surpassed the prejudice engendered by the other appellant's accusatory confession. The trial judge here gave clear limiting instructions to the jury that the admissions of each defendant were to be considered only in relation to that defendant's guilt. Moreover, the test we adopted in *Carpenter v.*

*United States,* 430 A.2d 496, 505 (D.C.1981) (en banc) is met here.[6] Finally, the evidence against each appellant was so strong that we cannot hold that any possible *Bruton* problem affected the substantial rights of appellants. The third assailant, Houston, testified against appellants as did the complainant, Jones, and each appellant admitted his involvement to friends who repeated the admissions in court.

■ We perceive no abuse of discretion in the failure of the court to try each appellant separately. A presumption exists that defendants charged jointly with committing a criminal offense should be tried together. *Jennings v. United States,* 431 A.2d 552, 556 (D.C.1981). Appellant Washington complains that the joint trial prejudiced him because, allegedly, the evidence against him was substantially weaker than the evidence against Grier. We have held that a "defendant is not entitled to severance merely because the evidence against a codefendant is more damaging than the evidence against him." *Christian v. United States,* 394 A.2d 1, 21 (D.C.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). Appellant Grier repeats his complaint that Washington's extrajudicial admissions implicating Grier mandated severance. As previously noted, however, the trial judge gave an appropriate limiting instruction, telling the jury to consider appellant's statement only against that appellant. "A crucial assumption underlying the jury system is that juries will follow the instructions given them by the trial judge." *Carpenter, supra,*

---

4. Justice Blackmun, concurring in the result, concluded that any *Bruton* error in the factual context of *Parker v. Randolph* was harmless beyond a reasonable doubt. 442 U.S. at 77, 99 S.Ct. at 2141. Justice Powell did not participate.

5. Grier complains, in addition to his Confrontation Clause argument, that the total number of admissions introduced at trial was extremely prejudicial and thus violated the Due Process Clause. The fact that Grier made approximately seventeen statements to friends and acquaintances regarding his involvement in the crime is certainly relevant. Grier is protected at trial from unfair prejudice, not from the

natural prejudicial impact of his own actions and statements.

6. "[I]n a certain, limited class of cases, where the references to the nonconfessing defendant are so intertwined within the confessing defendant's statement that redaction is impracticable and the references are not significantly incriminating, it may be appropriate for the trial court, after weighing the alternatives, and recognizing the desirability of excluding the inadmissible evidence, to admit the statement with limiting instructions." *Carpenter, supra,* 430 A.2d at 505 (footnote omitted). The record here shows that the trial judge gave the appropriate instruction on this point.

430 A.2d at 505 (quoting *Parker v. Randolph, supra,* 442 U.S. at 73, 99 S.Ct. at 2139).

*Affirmed.*